**VENDITTI-SIRAVO, Inc., et al v. CITY OF HOLLYWOOD, et al.**
No. 73-767.

Circuit Court, Seventeenth Judicial Circuit.

July 16, 1973.

Fleming, O'Bryan & Fleming, Fort Lauderdale, for the plaintiffs.

B. L. David, City Attorney, and Martin J. Schwartz, Assistant City Attorney, for the defendants.

L. CLAYTON NANCE, Circuit Judge.

*Summary final decree, permanent injunction, and order for accounting:* This cause came on to be heard upon the motion of the plaintiffs for a summary final decree adjudicating the unconstitutionality and illegality of City of Hollywood Ordinances Nos. 0-72-155 and 0-72-167 and for further summary relief consistent with said adjudication. The court has considered said motion, the entire record in this cause, heard argument of counsel and has considered the memoranda of law filed with the court. Based upon said considerations, the court is of the opinion that there is no genuine issue of material fact and that the plaintiffs' motion for summary relief should be granted. The court further finds —

The court has jurisdiction of this cause and the parties hereto. The instant action has properly been brought as a class action, the class designated has lawful standing to maintain this action and the named plaintiffs herein are representative of the class on whose behalf the action is brought.

However salutary the purpose of the subject ordinances in seeking to improve the environment of the city of Hollywood by the creation and maintenance of additional parks, the manner in which the city has sought to raise the revenues to provide therefor is so unreasonable, arbitrary, unequal and partial in operation as to make said ordinances unconstitutionl as a matter of law for that reason alone. The ordinances are further violative of the Florida and United States constitutional guarantees of equal protection of the laws, discriminating unlawfully against the plaintiff class.

The "charge" levied under the color of the aforesaid ordinances is not a regulatory measure under the city's police power nor could it be valid and constitutional approached as such. Further, said "charge" is not a lawfully imposed special assessment as the same is permitted municipalities in the state of Florida, nor a proper exercise of revenue raising by the licensure taxation of businesses, occupations for professions.

The court is further of the opinion that the "charge" levied by the ordinances could only be legally described as an attempt at taxation of intangible personal property or property rights, or as an ad valorem tax upon real property. The court need not determine which said form or rationale of revenue raising the city had in mind in the enactment of the ordinances, if indeed it had any, for in either event the ordinances are unconstitutional and unlawful, and further are beyond the authority and jurisdiction of the city's taxing powers.

The constitution of the state of Florida expressly prohibits to municipal corporations the right to impose taxes upon intangible personal property or property rights. The subject ordinances can have no validity based upon such an analysis.

Article VII, §2, of the constitution of our state authorizes taxation by municipalities on real property only at a uniform rate, a requirement also found in Ch. 34, Title XI, §254, of the municipal charter of the city. It is the court's finding that the ordinances are violative of these constitutional and charter provisions as the taxes imposed thereby fall upon real property otherwise subject to ad valorem real estate taxation within the city, the totality of which taxation results in a disparate rate within the city, and an unconstitutional double taxation of the class property owners.

The court further finds that the "charges" imposed by the ordinances, when added to the already existing ad valorem real estate tax of 6.779 mills imposed by the city, may well create a total ad valorem taxation upon the realty subject of improvements taxed thereby in excess of the ten-mill cap established by the Florida Constitution. The ordinances would fall for this reason. However, this point raised is not determinative of the cases sub judice.

Insofar as the taxes imposed by the subject ordinances are considered separate and apart from the otherwise existing ad valorem taxation imposed by the city of Hollywood, said taxes are not imposed nor do they fall upon "all property" within the city's jurisdiction. The city's authority to impose taxes on real property, embodied in Florida Statute 167.43, authorizes taxation only upon "all real property" within its jurisdiction. Nowhere in the Florida Statutes nor in the charter of the city or Hollywood is there any authorization for the imposition of ad valorem real estate taxes on less than all of the property within its municipal limits. The instant ordinances are, therefore, unlawful for the reason that the city lacks the authority to enact such a tax.

Based upon the foregoing findings, any one of which is sufficient basis upon which to grant the relief sought by the plaintiffs, it is ordered, adjudged and decreed as follows —

124

The defendants, the city of Hollywood, F. T. Kain, as city manager of the city of Hollywood, and David W. Murchison, as the chief building official of the city of Hollywood, their agents, servants or employees acting within the scope of their duties as such, are permanently enjoined and restrained from any further enforcement or any further attempts at enforcement of city of Hollywood ordinances nos. 0-72-155 and 0-72-167.

The defendants are ordered to file with this court, and with the plaintiffs' counsel, within thirty days from the date hereof, a full and complete accounting of all funds, revenues and charges raised or collected by defendants in the enforcement of said ordinances, together with a listing of the respective names and last-known addresses of each person or entity from whom said charges or revenues were received, and the date or dates of each said transaction. Following the accounting of the revenues raised by the city and the determination of the persons or entities from whom said funds have been raised, the court shall enter a judgment and order of restitution against the defendants and in favor of those persons, and further proceedings shall be held herein to determine an award of an appropriate attorneys' fee to be paid to the plaintiffs' counsel from and as a result of the funds covered by the judgment of restitution to be hereinafter made.

The court shall retain jurisdiction of this cause to enter such further orders, findings and decrees necessary to enforce and implement the above rulings and as may be necessary to grant the full relief sought herein.